## Adcock et. al. v. Bishop.

February 25, 1949.

Rodes K. Myers and Noel F. Harper for appellant.

Hines & Hines and W. D. Gilliam for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This equitable suit was brought by appellant in his own right and as administrator of his wife's estate to recover from appellee, his wife's sister, the sum of $2,500. The Chancellor dismissed appellant's petition.

Appellant and his wife were engaged, apparently as partners, in operating a tavern. They kept on hand a large amount of cash. Early in August, 1945, the wife became ill, and a few days later requested that she be taken to a hospital. Just before going to the hospital she requested one of her sisters, Mrs. Cox, to get her black pocketbook. She took out a handful of money and told her sister to put it in a trunk as it did not belong to her. She then took the pocketbook to the hospital.

Appellee, her other sister, visited continuously while she was at the hospital. The patient's condition was bad. She stated to a nurse that she didn't think she would ever get well. She was to be operated on for gallstone colic and female complications. A few days prior to her operation she handed appellee the black pocketbook, stated there was quite a bit of money in it, and said that if anything happened to her, appellee was to have it. A few days after the operation the wife died, never having further discussed the pocketbook or its contents, nor having requested its return. It contained $2,500 in cash.

Appellant's position is that this was not a valid gift, and even if so, part of the money was his. This latter contention was not proven.

The real question in the case is whether or not the delivery of the pocketbook and its contents to appellee was a valid gift causa mortis. Such a gift is one made in expectation of the donor's death upon condition the donor dies as anticipated without having revoked it. The donor must contemplate death from some present illness or impending peril. See Dickerson et al. v. Snyder, Administrator, 209 Ky. 212, 272 S.W. 384. The donor need not be in extremis, but the prospect of a surgical operation may give rise to the necessary apprehension of impending dissolution. See 24 Am.Jur., Gifts, Section 6.

In the present case there was ample competent evidence appellant's wife was seriously ill; she was being prepared for a major operation; she recognized the seriousness of her condition; and had in view its possible fatal effects. She personally delivered the $2,500 to her sister with the expressed intention that the latter should have it as her own "in case anything happened." The

wife's expiration, which had been contemplated by her took place a few days later. We thus have all of the essential elements of a valid gift causa mortis: contemplation of death, intention to make a gift, delivery, and the donor's decease. The Chancellor properly found for the donee.

For the reasons stated, the judgment is affirmed.